United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31051
Summary Calendar

DENAUD EGANA,

Plaintiff-Appellant,

versus

DEPARTMENT OF CORRECTIONS; ET AL.,

Defendants,

A. MAYEUX, Nurse; JAMES LEBLANC,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-649-A
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Denaud M. Egana, Louisiana prisoner # 410663, who was
formerly incarcerated at the Dixon Correctional Institute,
appeals from the dismissal of his claims against Warden James
LeBlanc for failure to state a claim on which relief may be
granted. Egana contends that his right against cruel and unusual

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

punishment was violated because he was exposed to unusually high levels of environmental tobacco smoke (ETS); because his transfer request to a nonsmoking dormitory was denied; and because he was not transferred to a nonsmoking area despite Warden LeBlanc's assurance that he would be considered for a transfer once nonsmoking accommodations became available. According to Egana, nonsmoking accommodations became available in the two years following the denial of his grievances, yet he was not transferred.

Egana failed to state a claim that Warden LeBlanc was deliberately indifferent for denying Egana's transfer to a nonsmoking area due to space unavailability in September 1999. *Helling v. McKinney*, 509 U.S. 25, 36 (1993). As to that claim, the district court's judgment is AFFIRMED.

Egana did allege that space had become available since his transfer request was rejected and that he had not been transferred. He alleged that he was confined in a dormitory of about 66 men, more than half of whom were smokers, that ETS was abundant and concentrated, that he was a nonsmoker with asthma, and that he had suffered lung difficulties due to his ETS exposure. It is conceivable that Egana was exposed to an unreasonably high level of ETS. *Helling*, 509 U.S. at 35.

Both Warden LeBlanc and the official who addressed Egana's third-step response indicated that Egana would be considered for a transfer once space became available in a nonsmoking area. The

language used in the responses to Egana's grievances can be read as suggesting that prison officials would act affirmatively to have Egana transferred. It is unclear from the record whether Warden LeBlanc is personally responsible for ensuring that transfers occur in such a circumstance, *see Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (supervisory liability), or whether he should have notified the responsible official that Egana was to be moved when space became available.

It is conceivable that Egana can prove that Warden LeBlanc acted unreasonably and with deliberate indifference by failing to have him moved when and if space became available in a nonsmoking area, particularly if Egana has asthma. *Helling*, 509 U.S. at 36. As to Egana's claim that Warden LeBlanc violated his Eighth Amendment right by failing to have him transferred, the district court's judgment dismissing that claim for failure to state a claim is VACATED AND REMANDED.

AFFIRMED in part; VACATED in part; and REMANDED.